UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERISURE INSURANCE CO., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV642 JCH |
| ) | |
| JASON THOMAS, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for More Definite Statement Directed at Certain Affirmative Defenses asserted by Defendants Dillingham and Mays, filed July 1, 2011. (Doc. No. 14). The motion is fully briefed and ready for disposition.[1]

## BACKGROUND

Defendant Timothy Dillingham ("Dillingham") filed an action in the Circuit Court of St. Charles County, Missouri (the "St. Charles Action"), seeking to recover compensatory damages as a result of injuries he allegedly sustained at a construction site, while under the supervision of Defendants Jason Thomas ("Thomas") and Thomas Mays ("Mays"). (Complaint for Declaratory Judgment ("Compl."), ¶¶ 14-16). Defendants Thomas and Mays tendered the St. Charles Action to Plaintiff Amerisure, based on a policy Amerisure had issued to Defendants' employer, Advantage Builders, Inc. ("Advantage"), and made demand upon Plaintiff to provide coverage and a defense for the claims and damages. (Id., ¶¶ 8, 14, 17). Plaintiff currently is providing a defense, under a reservation of rights. (Id., ¶ 18).

---

[1] Defendant Thomas Mays did not respond to Plaintiff's motion, and the time for filing such a response has now expired.

On April 13, 2011, Plaintiff filed the instant Complaint for Declaratory Judgment. (Doc. No. 1). After reciting allegedly relevant provisions from the insurance policy at issue, Plaintiff claims there is no coverage for any "bodily injury" to Defendant Dillingham to the extent his claim for damages arises out of and in the course of his employment by Advantage, or his performance of duties related to the conduct of Advantage's business. (Compl., ¶¶ 10-13, 21). Plaintiff further claims coverage does not exist for the claims made or damages allegedly sustained by Defendant Dillingham, because neither Defendant Thomas nor Defendant Mays was insured for bodily injury sustained by a co-employee in the course of his employment. (Id., ¶ 22). Plaintiff thus requests a declaratory judgment that the Amerisure Policy does not apply to the allegations of the St. Charles Action, and that Amerisure is under no obligation to defend or indemnify Defendants Thomas and Mays against any claim or suit filed by Defendant Dillingham arising out of or involving the incident described in the St. Charles Action. (Id., PP. 8-9).

Defendant Dillingham filed his Answer on June 16, 2011. (Doc. No. 7). As relevant here, Defendant Dillingham asserted the following affirmative defenses:

2. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands and/or acquiescence.

3. Plaintiff's action for declaratory judgment fails for lack of a case or controversy.

4. Plaintiff's claims are barred from asserting any exclusions because the provisions of the policy when read as a whole or individually are vague and ambiguous. Nothing set forth herein shall be construed as an admission by Defendant that any coverage is excluded.

5. Plaintiff's interpretation of the policy violates the public policy of the State of Missouri. Nothing set forth herein shall be construed as an admission by Defendant that any coverage is excluded.

(Id., P. 4). Defendant Mays filed his Answer on June 24, 2011, asserting the following affirmative defenses:

1. This Defendant pleads the policy terms and language, exclusions, and endorsements of the policy sought to be interpreted as a defense to the claims brought by Plaintiff against Defendant.

2. This Defendant states that Plaintiff has waived certain policy defenses and any challenge to declaratory judgment in the above-entitled cause.

(Doc. No. 9, P. 3).

As stated above, Plaintiff filed the instant Motion for More Definite Statement on July 1, 2011. (Doc. No. 14). In its motion, Plaintiff claims the above affirmative defenses are insufficiently pled under the standards of Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009). (Id., P. 2).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do..." Twombly, 550 U.S. at 555 (citation omitted).

In Lucas v. Jerusalem Café, LLC, 2011 WL 1364075 (W.D. Mo. Apr. 11, 2011), the Court held as follows:

> There is currently a split of authority in the district courts regarding the applicability of the *Iqbal* pleading standard to affirmative defenses. A majority of district courts have held that the *Iqbal* standard is applicable to affirmative defenses. *Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159 at *6 n.3 (E.D. Va. Jul. 29, 2010) (noting that a majority of district courts have applied *Iqbal* to affirmative defenses). These courts reason that the heightened pleading standard should be applied to affirmative defenses because a plaintiff attempting to address an affirmative defense

> lacking factual allegations would be placed in the same position as a defendant trying to address a pleading with the same deficiencies.

Id. at *1.[2]

Upon consideration, this Court finds the majority view persuasive, as "[i]t makes little sense to hold defendants to a lower pleading standard than plaintiffs when, in both instances, the purpose of pleading requirements is to provide enough notice [] to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." Lucas, 2011 WL 1364075 at *2 (internal quotations and citation omitted). Accordingly, the Court holds the Iqbal and Twombly standards apply to affirmative defenses. See Openmethods, LLC v. Mediu, LLC, 2011 WL 2292149 at *2 (W.D. Mo. Jun. 8, 2011).

In reviewing the affirmative defenses at issue here, the Court finds they are inadequately pled under the above standards. In other words, the claims fail because "[t]here is no explanation or discussion of why the defense is pled or how it might be implicated in the case." Openmethods, 2011 WL 2292149 at *2. The Court therefore will grant Plaintiff's Motion for More Definite Statement, and allow Defendants an opportunity to amend their affirmative defenses.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for More Definite Statement Directed at Certain Affirmative Defenses asserted by Defendants Dillingham and Mays (Doc. No. 14) is **GRANTED**.

---

[2] The Lucas court noted a minority of district courts has ruled that Iqbal does not apply to affirmative defenses. Lucas, 2011 WL 1364075 at *2.

**IT IS FURTHER ORDERED** that Defendants Dillingham and Mays are granted until **Friday, August 12, 2011**, within which to file Amended Answers to Plaintiff's Complaint for Declaratory Judgment.

Dated this 21st day of July, 2011.

/s/Jean C. Hamiton
UNITED STATES DISTRICT JUDGE