UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERISURE INSURANCE CO., )
)
    Plaintiff(s), )
)
    vs. )     Case No. 4:11CV642 JCH
)
JASON THOMAS, THOMAS MAYS, )
and TIMOTHY DILLINGHAM, )
)
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Amerisure Insurance Company's Motion for

Summary Judgment, filed November 30, 2011.  (ECF No. 27).

## BACKGROUND

The procedural history of this matter is as follows:  Between May 14, 2004, and May 14, 2005,

Plaintiff Amerisure Insurance Company ("Amerisure") issued and had in force and effect an insurance

policy insuring Advantage Builders, Inc. ("Advantage"), a carpentry contractor.  (Complaint for

Declaratory Judgment ("Complaint" or "Compl."), ¶¶ 8, 9).  On or about April 15, 2010, Defendant

Timothy Dillingham ("Dillingham") filed a Petition for Damages in the Circuit Court of St. Charles

County, Missouri (the "St. Charles Action"), against Defendants Jason Thomas ("Thomas") and

Thomas Mays ("Mays").  (Compl., attached Exh. B).[1]  In his Petition, Dillingham alleged in relevant

part as follows:

    2.     ....At all relevant times Defendant Jason Thomas was an employee and/or agent
        of Advantage Builders Inc. and acting within the course and scope of said
        employment and/or agency.

---

[1] Dillingham also filed a successful workers' compensation claim for benefits against
Advantage. (Statement of Uncontroverted Material Facts in Support of Plaintiff's Summary Judgment
Motion, ¶ 22).

3.      ....At all relevant times, Defendant Thomas Mays was an employee and/or agent of Advantage Builders Inc. and acting within the course and scope of said employment and/or agency...

5.      On or about May 13, 2005, plaintiff was employed by Advantage Builders, Inc., a construction company, and was working as a carpenter at the Hampton Woods subdivision in O'Fallon, Missouri.  As part of his work duties on the aforementioned date and other days, plaintiff would perform duties as directed by his supervisors, including roofing.

6.      On the aforementioned date, within the presence of Defendant Jason Thomas, plaintiff was instructed by Defendant Thomas Mays to get on the front roof of a home that was being constructed at the aforementioned neighborhood and while taking measurements, the gutter board plaintiff was using for support gave way causing plaintiff to fall ten to twelve feet to the ground resulting in the injuries hereafter described.

(Id., PP. 1-2).  Dillingham then asserted negligence claims against Thomas (Count One), and Mays (Count Two).  (Id., PP. 2-6).

Defendants Thomas and Mays tendered the St. Charles Action to Plaintiff Amerisure, based upon the policy Amerisure had issued to Defendants' employer, Advantage.  (Compl., ¶¶ 8, 14, 17).  Amerisure currently is providing a defense under a reservation of rights.  (Id., ¶ 18).

On April 13, 2011, Amerisure filed the instant declaratory judgment action against Defendants Thomas, Mays and Dillingham in this Court, seeking a declaration that it has no duty or obligation to defend and/or indemnify Thomas and Mays in the underlying lawsuit filed by Dillingham.  (ECF No. 1).[2]

The liability policy at issue states in pertinent part as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I--COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

---

[2] On July 6, 2011, the Clerk of Court entered default against Defendant Thomas.  (ECF No. 17).

**1.      Insuring Agreement**

      **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

(ECF No. 1-3, P. 1).  The Policy thus provides coverage only for "insureds," defined in the Policy as

follows:

**SECTION II--WHO IS AN INSURED**[3]

**1.**      If you are designated in the Declarations as:....

      d.      An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders....

**2.**      Each of the following is also an insured:

      **a.**      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees," other than either your "executive officers," (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.  However, none of these "employees" or "volunteer workers" are insured for:

      **(1)**      "Bodily injury" or "personal and advertising injury":

      **(a)**      To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business,....

---

[3] The provision defining "who is an insured" was modified and broadened by an amendatory endorsement entitled General Liability Extension Endorsement.  (<u>See</u> ECF No. 1-2, PP. 88-89).

(ECF No. 1-2, P. 89).

As stated above, Amerisure filed the instant action on April 13, 2011, seeking a declaration that no coverage exists under the Policy for Mays or Thomas, concerning the injury to Dillingham.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The substantive law determines which facts are critical and which are irrelevant.  Only disputes over facts that might affect the outcome will properly preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323.  Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute."  Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247.  The nonmoving party may not rest upon mere allegations or denials of his pleading.  Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor.  Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial.  Id. at 249.

## DISCUSSION

- 4 -

The interpretation of an insurance policy is governed by state law.  American Family Mut. Ins. Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006).  "Under Missouri law, the insured has the burden of proving coverage, and the insurer has the burden of proving that an insurance policy exclusion applies."  Id. (citation omitted).  If the language in the policy is clear and unambiguous, the Court construes and enforces the policy as written.  Selimanovic v. Finney, 337 S.W.3d 30, 35 (Mo. App. 2011).  The words of a policy are given their ordinary meaning[4], unless it is obvious that an alternate or technical meaning was intended, and ambiguous language is construed against the insurer.  Gateway Hotel Holdings, Inc. v. Lexington Ins. Co., 275 S.W.3d 268, 275 (Mo. App. 2008).  "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the words used in the contract."  Peters v. Employers Mut. Cas. Co., 853 S.W.2d 300, 302 (Mo. banc 1993) (citation omitted).  However, "[m]ere disagreement by the parties regarding a contract term's interpretation does not render the term ambiguous."  Lindsay v. Safeco Inc. Co. of America, 447 F.3d 615, 617 (8th Cir. 2006) (citation omitted).  The insurance contract is to be examined as a whole to determine whether ambiguities exist in the language of the policy.  Gateway Hotel Holdings, 275 S.W.3d at 275.

In its Motion for Summary Judgment, Amerisure contends there exists no coverage for Dillingham's claims.  Upon consideration of the terms of the Policy at issue, the Court agrees.  Section II of the Policy defines who constitutes an "insured" under the terms of the Policy.  As relevant here, while employees, such as Mays and Thomas, are insureds for acts performed within the scope of their employment or related to the conduct of Advantage's business, such employees are not insureds for "bodily injury" or "personal injury" to any co-employee while that co-employee is "in the course of his or her employment or performing duties related to the conduct of your (Advantage's) business."

---

[4] "'The plain or ordinary meaning is the meaning that the average layperson would understand.'"  Cairo Marine Services, Inc. v. Homeland Ins. Co. of New York, 2010 WL 618509 at *5 (E.D. Mo. Feb. 18, 2010), quoting Shahan v. Shahan, 988 S.W.2d 529, 535 (Mo. 1999).

(ECF No. 1-2, P. 89).   Affording a plain and ordinary meaning to this provision[5], the Court finds

employees are not considered insureds for bodily injury they cause to other employees while at work.

Colony, 772 F.Supp.2d 1035.   No party in this case has argued that Dillingham, Mays and Thomas

were not co-employees; rather, each Defendant specifically has admitted that he was an employee of

Advantage at the time Defendant Dillingham allegedly was injured.   (See Plaintiff's Motion for

Summary Judgment, Att. Exhs. B, C, D, ¶¶ 2, 3, 8, 13 (in which Defendants Thomas and Mays admit

in conjunction with the St. Charles Action that each was an employee of Advantage); Exh. E, PP. 11,

15-18 (in which Defendant Dillingham admits both that he was an employee of Advantage, and that

Defendants Mays and Thomas were his foremen at the time of the accident)).   Thus, because

Dillingham's injury allegedly was caused by co-employees, the ordinary language of the Policy

dictates that neither Mays nor Thomas is an insured with regards to the injury.   See Colony, 772

F.Supp.2d at 1039[6]; Selimanovic, 337 S.W.3d at 36.   See also State Farm Mut. Auto. Ins. Co. v.

Bainbridge, 941 S.W.2d 546, 549 (Mo. App. 1997) ("In this case, the affidavits and depositions

submitted by [Plaintiff] were sufficient to establish that the 'fellow employee' provision of [the] policy

precluded coverage.").

Defendants Dillingham and Mays attempt to escape the clear language of the Policy, by

invoking the "something more" test sometimes utilized by Missouri courts in addressing co-employee

---

[5] The Court notes that an identical provision in an insurance policy has been held clear and unambiguous by another District Judge with this Court.   See Colony Nat. Ins. Co. v. Cunningham, 772 F.Supp.2d 1035, 1039 (E.D. Mo. 2011).

[6] Judge Sippel in Colony found support for his ruling in the Missouri Supreme Court's ruling in Gavan v. Bituminous Cas. Corp., 242 S.W.3d 718, 721-22 (Mo. banc 2008), which held that the primary purpose of an employee exclusion clause is "to draw a sharp line between employees and members of the general public," as "the Worker's Compensation Act constitutes the full extent of an employer's liability for any injuries sustained by its employees...in the course of their employment, while commercial general liability policies are designed to protect against injuries caused to the public or the public's property."   Colony, 772 F.Supp.2d at 739-40 (internal quotations and citations omitted).

negligence suits.  (See ECF No. 30, PP. 4-5; ECF No. 34, PP. 4-5).  Specifically, Defendants assert that pursuant to this line of cases, there exists a question of fact regarding whether the acts and omissions at issue constituted additional dangers outside the employer's duty to provide a safe workplace, and thus were not related to the conduct of Advantage's business for purposes of the exclusion.  (Id.).

Upon consideration, the Court finds this argument fails under the express terms of the Policy. In other words, should the Court find that Mays' and Thomas' actions were not related to the conduct of Advantage's business, then they would not qualify as "insureds" under the Policy in the first instance.  (See ECF No. 1-2, P. 89 (defining additional "insureds" as "your 'employees,'.... but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.").  See Selimanovic, 337 S.W.3d at 38 (rejecting the argument that a "'something more' claim against co-employees based on the breach of personal duty owed by the co-employees" to the injured is "exactly the type of claim[] that commercial general liability policies were designed to cover").

Defendants Dillingham and Mays further attempt to find ambiguity by asserting the provision defining "Who is an Insured," "is ambiguous in that it is unclear whether employees are not insured for bodily injury claims to a co-employee who is injured while in the course and scope of his employment or whether 'while in the course and scope of his or her employment' refers back to the employee causing the injury."  (See ECF No. 30, P. 5, ECF No. 34, P. 5).  This argument fails under the reasoning of Colony and Selaminovic, however, both of which found no ambiguity in virtually identical policy language.[7]

## CONCLUSION

---

[7] Upon consideration, the Court rejects Defendants Mays' and Dillingham's other arguments in favor of finding ambiguity within the Policy.  (See ECF No. 30, PP. 6-9, ECF No. 34, PP. 6-9).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Amerisure Insurance Company's Motion for

Summary Judgment (ECF No. 27) is **GRANTED**, and judgment is entered in favor of Amerisure with

respect to its claim it has no duty to defend Jason Thomas and Thomas Mays in the underlying suit

filed by Timothy Dillingham.  A separate Judgment will accompany this Order.


Dated this 21st day of February, 2012.


                                        /s/Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE